IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| GREAT LAKES § | | |
| REINSURANCE (UK), PLC § | | PLAINTIFF |
| § | | |
| § | | |
| v. § | | Civil Action No. 1:07cv460HSO-JMR |
| § | | |
| § | | |
| DURHAM AUCTIONS, INC. § | | DEFENDANT |

## ORDER AND REASONS DENYING DEFENDANT DURHAM AUCTIONS, INC.'S MOTION TO DISMISS

BEFORE THE COURT is the Motion [3] of Defendant Durham Auctions, Inc. ("Durham Auctions"), to Dismiss, filed on or about April 4, 2007, in the above captioned cause. Plaintiff Great Lakes Reinsurance (UK), PLC ("Great Lakes"), filed a Response [8]. After consideration of the submissions, the record in this case, and the relevant legal authorities, and for the reasons discussed below, the Court finds that the Motion to Dismiss must be denied.

### I. BACKGROUND

Plaintiff, the marine insurer of the M/V TIME OUT, a 48-foot Pacemaker or motor yacht owned by Defendant, filed its Complaint in this Court seeking a declaratory judgment that the policy it issued to Defendant on the M/V TIME OUT was null and void from inception based upon (1) material misrepresentations made in the application for insurance, and (2) breach of various warranties made by

Defendant in the contract for marine insurance. Plaintiff filed this lawsuit on the basis of admiralty and maritime jurisdiction pursuant to section 1333 of Title 28 of the United States Code.

## II.  DISCUSSION

Defendant's Motion is entitled "Motion to Dismiss Pursuant to FRCP 12(b)(6)." However, upon review of the Motion, the Court is of the opinion that Defendant is also raising the issue of lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. *See* Def.'s Mot. at p. 1-2(stating "[i]n its Complaint, Great Lakes Reinsurance (UK), PLC seeks to invoke the maritime and admiralty jurisdiction of this Court over an insurance contract dispute *based upon* the doctrine of Uberrimae Fidei...any attempt to invoke federal jurisdiction in this proceeding, particularly *based upon* the doctrine of Uberrimae Fidei, is improper")(emphasis added).

A.   Federal Jurisdiction Under Rule 12(b)(1)

"When a Rule 12(b)(1) Motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *see also Ruhrgas AG v. Marathon Oil Company*, 526 U.S. 574, 577 (1999)(stating "[t]he requirement that jurisdiction be established as a threshold matter ... is inflexible and without exception")(citation and internal quotation marks omitted)*; Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir.

1994)(stating "the court must find jurisdiction before determining the validity of a claim"). A motion to dismiss for lack of subject matter jurisdiction "should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Ramming,* 281 F.3d at 161*(citing Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.,* 143 F.3d 1006, 1010 (5th Cir. 1998)).

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 377 (1994). A federal court may exercise jurisdiction over cases only as expressly provided by the Constitution and laws of the United States. *See id.* Federal law gives the federal district courts original jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction...." 28 U.S.C. § 1333.

There is no serious dispute that the policy issued by Great Lakes to Durham Auctions insured the M/V TIME OUT. Because "it is well settled that a marine insurance policy is a maritime contract within federal admiralty jurisdiction," and because a contract to insure a ship is maritime by nature, the Court is of the opinion that admiralty jurisdiction here is proper. *See Kossick v. United Fruit Co.,* 365 U.S. 731, 735 (1961); *Albany Ins. Co. v. Anh Thi Kieu*, 927 F.2d 882, 886 n.2 (5th Cir. 1991); *see also Windsor Mount Joy Mut. Ins. Co. v. Giragosian*, 57 F.3d 50, 54 (1st Cir. 1995)(holding "the propriety of maritime jurisdiction over a suit involving a marine insurance policy is unquestionable.").

The doctrine of *uberrimae fidei* is a maritime rule that voids marine insurance contracts upon evidence of the assured's material misrepresentations to the underwriter. *See Albany*, 927 F.2d at 886. Contrary to Defendant's assertions, the invocation of the *uberrimae fidei* doctrine is not dispositive of the question of the Court's jurisdiction over a case. *See id.*(identifying the court's jurisdiction prior to analyzing application of the doctrine). Rather, it is a federal rule which the Court *may* choose to apply based upon appropriate choice of law principles. *See id.*(engaging in a choice of law analysis to determine whether federal maritime law or state insurance regulations determine the effect of an assured's misrepresentations to a marine insurer); *see also Windsor Mount Joy Mut. Ins. Co. v. Giragosian*, 57 F.3d 50, 54 (1st Cir. 1995).

Based on the foregoing, the Court finds admiralty jurisdiction proper in this case, irrespective of whether the federal maritime rule of *uberrimae fidei* or state insurance law is to be applied to the facts.

B.  Sufficiency of the Complaint Under Rule 12(b)(6)

Defendant's Motion also challenges the sufficiency of Plaintiff's claims under Rule 12(b)(6). In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the district court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996)(*citing McCartney v. First City Bank,* 970 F.2d 45, 47 (5th Cir. 1992)). "[T]he court may not look beyond the pleadings in ruling on the motion."

*Baker*, 75 F.3d at 197.  While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff must provide the "grounds" of his "entitlement to relief," which requires more than labels and conclusions or formulaic recitations of the elements of a cause of action.  *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*  at 1965.

"[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 1969.  Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id. (quoting Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)(overruled on other grounds)).

Here, Defendant contends that the "insurance policy in this case contradicts itself as to whether the answers in the application are warranties or mere representations," and that under Mississippi law, the answers in the application must be considered representations.  *See* Def.'s Mot. at p. 4.  Even if the Court were to consider the answers in Defendant's application as representations, Plaintiff's Complaint would survive a Rule 12(b)(6) challenge since classification of such answers as "representations," as opposed to "warranties," does not justify dismissal of an action but merely requires a heightened standard of proof to invalidate an

insurance policy.[1]  *See Sanford v. Federated Guar. Ins. Co.*, 522 So. 2d 214, 218 (Miss. 1988).

Further, Defendant's logic is only applicable where the underwriter claims that answers in an application *are* in fact warranties.  *See Sanford*, 522 So. 2d at 217.  Such is not the case here.  Plaintiff's Complaint sets forth two separate causes of action for invalidating the policy, one based upon alleged misrepresentations made in the insurance application and another based upon alleged breaches of warranties made in the policy.[2]

Upon review of the submissions of the parties and the record as a whole, the Court is of the opinion that under the facts of this case as they are presented at this juncture, Defendant has not met its burden of demonstrating that the Court lacks subject matter jurisdiction over this suit, or that Plaintiff's Amended Complaint

---

[1] Defendant cites *Sanford v. Federated Guar. Ins. Co.*, 522 So. 2d 214 (Miss. 1988), to support its case.  *Sanford* sets forth the difference in legal standards between a "warranty" and a "misrepresentation."  "A warranty must be literally true, and its materiality cannot be inquired into; a representation, however, will not invalidate a policy if that representation is subsequently true or not material to the risk."  *Sanford*, 522 So. 2d at 218.  Under *Sanford*, where an answer is construed as a "representation," dismissal is not warranted, but rather the underwriter must prove that it was not substantially true and was material to the risk.  *See id.*

[2]  In its Complaint, Plaintiff claims that the following warranties were breached: warranty of seaworthiness, warranty to exercise due diligence to properly manage the vessel and maintain it in a seaworthy condition, warranty to ensure all fire-extinguishing equipment aboard the vessel was properly installed and maintained in good working order, and warranty to follow survey recommendations. *See* Pl.'s Compl. These warranties are independent of the alleged misrepresentations (i.e., purchase price and prior loss) made in the application for insurance for which it brings a separate claim.

fails to state a claim upon which relief can be granted. The Court, therefore, must deny Defendant's Motion to Dismiss Plaintiff's Complaint.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons cited more fully herein, the Motion [3] of Defendant Durham Auctions, Inc., to Dismiss, filed in the above captioned cause on or about April 4, 2007, should be and is hereby **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 10th day of March, 2008.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE