IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| GREAT LAKES § | | |
| REINSURANCE (UK), PLC § | | PLAINTIFF |
| § | | |
| § | | |
| v. § | | Civil Action No. 1:07cv460HSO-JMR |
| § | | |
| § | | |
| DURHAM AUCTIONS, INC. § | | DEFENDANT |

**ORDER AND REASONS DENYING DEFENDANT DURHAM AUCTIONS, INC.'S SECOND MOTION TO DISMISS AND SUPPLEMENTAL SECOND MOTION TO DISMISS**

BEFORE THE COURT is the Second Motion [33] of Defendant Durham Auctions, Inc. ("Durham Auctions"), to Dismiss, filed on or about September 27, 2007, in the above captioned cause. Plaintiff Great Lakes Reinsurance (UK), PLC ("Great Lakes"), filed an Opposition [35], and Durham Auctions filed a Rebuttal [36].

Also before the Court is the Supplemental Second Motion [46] of Defendant Durham Auctions, to Dismiss, filed on or about January 17, 2008, in the above captioned cause. Plaintiff Great Lakes filed a Supplemental Opposition [48].

After consideration of the submissions, the record in this case, and the relevant legal authorities, and for the reasons discussed below, the Court finds that the Motions to Dismiss must be denied.

I. BACKGROUND

Plaintiff, the marine insurer of the M/V TIME OUT, a 48-foot Pacemaker or

motor yacht owned by Defendant, filed its Complaint in this Court seeking a declaratory judgment that the policy it issued to Defendant on the M/V TIME OUT was null and void from inception based upon (1) material misrepresentations made in the application for insurance, and (2) breach of various warranties by Defendant in the contract for marine insurance.  Plaintiff filed this lawsuit on the basis of admiralty and maritime jurisdiction pursuant to section 1333 of Title 28 of the United States Code.

## II.  DISCUSSION

Defendant's Motions seek dismissal of the Complaint on the grounds that "Great Lakes is not entitled to file suit claiming a right to void the policy *ab initio* without return of the premium."  Def.'s Second Mot. at p. 2.  In its Supplemental Second Motion, Defendant attaches an E-mail it claims demonstrates Plaintiff's acknowledgment of its legal obligation to tender premiums.[1]

Neither of Defendant's Motions specify the procedural standard under which they are brought.  Since the Motions do not implicate any of the other Rule 12(b) defenses, the Court construes them as ones brought for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the district court must accept all well-pleaded facts as true and view them in

---

[1] The February 28, 2007, E-mail is between Mark Thomas and Doug Wager and states "I want to rescind the policy and return the premium to a brecah (sic) fo (sic) uberrimae Fidei and various warrantys (sic)...."  *See* E-mail, attached as Ex. "A" to Def.'s Suppl. Second Mot.

the light most favorable to the plaintiff.  *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996)(*citing McCartney v. First City Bank,* 970 F.2d 45, 47 (5th Cir. 1992)). "[T]he court may not look beyond the pleadings in ruling on the motion." *Baker*, 75 F.3d at 197.  While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff must provide the "grounds" of his "entitlement to relief," which requires more than labels and conclusions or formulaic recitations of the elements of a cause of action.  *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965.

"[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 1969. Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id. (quoting Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)(overruled on other grounds)).

The issue before the Court is whether Plaintiff Great Lakes has waived its right to plead that the subject marine insurance policy is void from inception since it did not tender premiums it had received from Defendant within a reasonable time after discovery of the alleged grounds for rescission.  In answering this inquiry, the Court turns to state law and notes that though Mississippi law on the subject is dated, it nevertheless provides clear guidance.

The general rule in Mississippi is that "a return of the premium is not

essential to the avoidance of a policy, nor is its retention a waiver, especially where the insured was guilty of fraud in obtaining the policy, or where knowledge of the ground of avoidance is first obtained after a loss." *State Farm Mutual Automobile Insurance Co. v. Calhoun*, 112 So. 2d 366, 374 (Miss. 1959). The Mississippi Supreme Court has found it unnecessary for the underwriter "to tender the unearned portion of the premium with its plea" where it refrained from any affirmative acts in recognition of the policy's continued existence, or acts that would mislead the insured to believe it intended to waive any potential defenses. *See Fore v. United States Fire Ins. Co.*, 92 So. 628, 629 (Miss. 1922); *see also Home Ins. Co. v. Cavin*, 149 So. 800 (Miss. 1933)(addressing whether the insurer must return premiums to the insured *only after* a prior lawsuit declared the policy void due to the insured's misrepresentations made in the insurance application). The Mississippi Supreme Court has also stated that it has never held, or intended to hold, that

> the mere fact, unaccompanied by any other circumstances, where knowledge comes long after the premiums are paid and the insurance effected and loss occurs, and when the only contest that exists between the parties is as to liability under the policy, that the insurance company does not offer to return the unearned premiums will estop them from claiming the forfeiture....

*Aetna Ins. Co. v. Mount*, 44 So. 162, 165 (Miss. 1907)(finding it unnecessary for the insurer to return the unearned premium until there was a demand made upon it for the premium *and* an offer by the insured to surrender the policy).

Defendant asserts that the above cases are inapposite to the instant case since Plaintiff filed the declaratory action and is not defending the suit. The Court is unpersuaded that this distinction negates the application of the cases to Defendant's Motions or to the facts of this case. Instead, the Court is of the opinion that by taking

affirmative action to seek a declaratory judgment in protection of its interests, Plaintiff has firmly demonstrated that it does not wish to waive its potential defenses.

Based upon the foregoing, the Court finds that Plaintiff's failure to tender premiums at this juncture has not amounted to a waiver of its right to pursue this declaratory action. Because the Court finds no legal duty to tender premiums at this time, it finds the E-mail attached to Plaintiff's Supplemental Second Motion inconsequential to its analysis. The Court, therefore, must deny Defendant's Motions to Dismiss.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons cited more fully herein, the Second Motion [33] of Defendant Durham Auctions, Inc., to Dismiss, filed in the above captioned cause on or about September 27, 2007, should be and is hereby **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, for the reasons cited more fully herein, the Supplemental Second Motion [46] of Defendant Durham Auctions, Inc., to Dismiss, filed in the above captioned cause on or about January 17, 2008, should be and is hereby **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 10th day of March, 2008.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE