**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**GREAT LAKES REINSURANCE (UK), PLC**     **PLAINTIFF/**
                                          **COUNTER-DEFENDANT**

**VERSUS**                                **CAUSE NO. 1:07cv460 LG JMR**

**DURHAM AUCTIONS, INC.**                 **DEFENDANT/**
                                          **COUNTER-PLAINTIFF**

**MOTION *IN LIMINE* TO DECLARE CHOICE OF LAW**

COMES NOW, plaintiff, Great Lake Reinsurance (UK), PLC, who asks this Court to render a definitive ruling on the applicable law in this matter.  In connection with this Motion, Great Lakes Reinsurance represents as follows:

1.

Great Lakes previously filed a Motion for Summary Judgment.  Great Lakes noted but did not address the conflict of law issue.  Instead, Great Lakes argued that under any potentially applicable law, Great Lakes was entitled to summary judgment.

2.

In its ruling on Great Lakes' Motion for Summary Judgment, this Honorable Court noted that "based upon the record, the parties have not made it sufficiently clear that New York has any substantial relationship to the parties or to the transaction or that there is any other reasonable basis for this choice of law."  On that basis, the Court chose not to enforce the choice of law provision in the Great Lakes policy and eventually applied Mississippi law.

3.

Great Lakes has now filed this Motion to provide additional authority to uphold the choice of law provision in the insurance policy.  First, the choice of law provision is valid and enforceable under Section 187(1) of the *Restatement* because the parties could have adopted an express provision consistent with the default rule under New York law. Second, the choice of law is valid and enforceable under Section 187(2) because Great Lakes designated New York attorneys as its agent for service of process; Great Lakes holds a substantial trust fund in New York, and Great Lakes has more contact with New York than it has with any other state.  Additionally, the choice of law clause is valid and enforceable because New York case law on marine insurance is well developed, as contrasted with Mississippi case law, which is not.

4.

Accordingly, Great Lakes Reinsurance (UK), PLC, respectfully moves this Court for an Order declaring the choice of law provision in the insurance policy to be valid and enforceable, all as set forth in the Memorandum in Support.

RESPECTFULLY SUBMITTED, this 10th day of June, 2008.

GREAT LAKES REINSURANCE (UK), PLC

BY:  BALCH & BINGHAM LLP

/s/Todd G. Crawford
TODD G. CRAWFORD

Attorneys for Great Lakes Reinsurance (UK) PLC
John A. Scialdone (MS Bar No. 9524)
Todd G. Crawford (MS Bar No. 102620)
Balch & Bingham LLP
Post Office Box 130 (39502)
1310 Twenty-Fifth Avenue
Gulfport, Mississippi  39501-7748
Telephone:   (228) 864-9900
Facsimile:   (228) 864-8221

## CERTIFICATE

I hereby certify that on June 10, 2008, I electronically filed the foregoing **MOTION IN LIMINE TO DECLARE CHOICE OF LAW** with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all attorneys of record.

/s/Todd G. Crawford
Of Counsel