IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| GREAT LAKES § | | |
| REINSURANCE (UK), PLC § | | PLAINTIFF |
| § | | |
| § | | |
| v. § | Civil Action No. 1:07cv460HSO-JMR | |
| § | | |
| § | | |
| DURHAM AUCTIONS, INC. § | | DEFENDANT |

**ORDER AND REASONS DENYING PLAINTIFF'S MOTION IN LIMINE TO DECLARE CHOICE OF LAW**

BEFORE THE COURT is the Motion [66] of Plaintiff Great Lakes Reinsurance (UK), PLC ("Great Lakes"), in Limine to Declare Choice of Law, filed on or about June 10, 2008, in the above captioned cause. After consideration of Plaintiff's submissions, the record in this case, and the relevant legal authorities, and for the reasons discussed below, the Court finds that the Motion in Limine must be denied.

I. DISCUSSION

On March 27, 2008, the Court entered an Order [55] denying Plaintiff's Motion for Summary Judgment. Approximately two and a half months later, Plaintiff filed the present Motion in Limine requesting this Court to apply New York law, or, alternatively, to overrule the Fifth Circuit's decision in *Albany Ins. Co. v. Anh Thi Kieu*, 927 F.2d 882 (5th Cir. 1991), and apply the federal maritime

-1-

doctrine of *uberimmae fidei*. In support of its Motion, Plaintiff seeks to supplement the record with an affidavit ("Brown Affidavit") setting forth Plaintiff's various contacts with the State of New York.

 A motion in limine is "a pretrial request that certain inadmissible evidence not be referred to or offered at trial." BLACK'S LAW DICTIONARY 791 (7th ed. 1999). By its very terms, a motion in limine operates to exclude evidence. What Plaintiff now seeks is not a ruling on a specific evidentiary question, but rather a determination on a potentially dispositive question of law. *See* Mem. in Support of Mot. at p. 4 ("Great Lakes now supplements the record to show that it does have a substantial relationship with New York"). Furthermore, Plaintiff explicitly requests that the Court "re-consider its initial choice of law analysis" in its March 27, 2008, Order [55]. *See* Mem. in Support of Mot. at p. 2. The Court finds that, although ostensibly styled a Motion in Limine, Plaintiff's Motion is in fact a Motion for Reconsideration of the Court's previous Order.

 While the Federal Rules of Civil Procedure do not explicitly recognize motions for reconsideration, courts evaluate them under either Rule 59(e), as motions "to alter or amend judgment," or Rule 60(b), motions for "relief from judgment." *See Trautmann v. Cogema Mining, Inc.*, No. 5:04-cv-117, 2007 WL 2670093, at * 2 (S.D. Tex. Sept. 7, 2007)(*citing Lavespere v. Niagara Mach. & Tool Works*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds*). Because the Motion was not served within the ten days prescribed by Rule 59(e), the Court

reviews it pursuant to Rule 60(b). *See id; see also In re Taxable Municipal Bonds Litigation,* Civ. A. MDL No. 863, 1992 WL 349669, at *1 (E.D. La. Nov. 12, 1992)(holding "[t]he Fifth Circuit does recognize that a motion to reconsider a dispositive pre-trial motion is analogous to a motion to 'alter or amend the judgment' under Rule 59(e) or a motion for 'relief from judgment' under Rule 60(b)"). Rule 60(b) motions are subject to more stringent substantive requirements designed to protect the finality of judgments, while Rule 59(e) motions are subject to the broad discretion of the district judge. *See Taxable Municipal Bonds Litigation*, 1992 WL 349669, at *2(*citing Lavespere*, 910 F. 2d at 174).

A motion for reconsideration under Rule 60(b) "cannot be used to raise arguments which could, and should, have been made before the judgment issued [and] cannot be used to argue a case under a new legal theory." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). Nor is such a motion a proper vehicle "to re-litigate matters that have been resolved to the movant's dissatisfaction" or to give the movant "a 'second bite at the apple' on the same issues that were previously addressed by the parties and this Court." *MGM Well Services, Inc. v. Mega Lift Systems, LLC*, No. H-05-1634, 2007 WL 861098, at * 2 (S.D. Tex. March 19, 2007). Reconsideration is an "extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

Where reconsideration is requested under Rule 60(b) on the basis of "new" evidence that was available prior to the Court's summary judgment determination,

but was not timely submitted, the mover must proceed under either Rule 60(b)(1), providing for reconsideration upon mistake, inadvertance, surprise or excusable neglect, or Rule 60(b)(6), providing for reconsideration upon any other reason that justifies relief.  *See Lavespere*, 910 F.2d at 173.

> In determining whether the moving party has established "excusable neglect" under Rule 60(b)(1) or manifest injustice under Rule 60(b)(6), the district court enjoys considerable discretion.  That discretion, however, is not boundless.  In the case of a motion for reconsideration brought under Rule 60(b)(1), for example, if the failure of the party to submit the evidentiary materials in question is attributable solely to the negligence or carelessness of that party's attorney, then it would be an abuse of discretion for the court to reopen the case and to consider the evidence.

*Id.*(*citing United States v. $22,640.00 in United States Currency*, 615 F.2d 356, 360 (5th Cir. 1980), and *Smith v. Alumax Extrusions, Inc.*, 868 F.2d 1469, 1471 (5th Cir. 1989)).

Here, the Court is of the opinion that the proffered supplemental evidence could easily have, and therefore should have, been included in Plaintiff's Motion [10] for Summary Judgment.  Courts are consistently reluctant, even under the more relaxed Rule 59(e) standard, to allow the introduction of evidence which could have been, but was not, adduced during the original summary judgment proceeding. *See Warson v. Walt Disney Co., Inc.*, 193 F.3d 520, 1999 WL 708109, at * 3 (5th Cir. 1999)(affirming the district court's denial of plaintiffs' Rule 60(b) motion for reconsideration since plaintiffs failed to point to any new evidence that was previously unobtainable despite the exercise of due diligence; plaintiffs' excuse that the evidence was not submitted as a trial tactic was insufficient and plaintiffs failed to show that the court's summary judgment order was unfairly obtained or provide

any other reason justifying relief); *see also Garcia v. Cantu*, 363 B.R. 503, 509-10 (W.D. Tex. 2006); *Medley v. Westpoint Stevens, Inc.*, 162 F.R.D. 697, 699-700 (M.D. Ala. 1995)(finding "[o]verwhelmingly, courts hold that where a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pendency of the motion"); *Wabash Life Ins. Co. v. Garner*, 732 F. Supp. 692, 694 (N.D. Tex. 1989).

Plaintiff's explanation for its earlier omission of this evidence is that it "noted but did not address the conflict of law issue" in its Motion for Summary Judgment. *See* Mem. in Supp. of Mot. at p. 2. The Court is unpersuaded that this constitutes a sufficient reason for not supplying this information earlier. In its Motion for Summary Judgment, Plaintiff argued that summary judgment in its favor was appropriate under New York, Mississippi, or general maritime law. Plaintiff *explicitly* recognized that the Court might employ a choice of law analysis, yet chose not to provide the Brown Affidavit to the Court for use in reaching its decision.[1] *See*

---

[1] In fact, Plaintiff did not bring any evidence to the Court's attention bearing on the question of why New York law should apply. Plaintiff's summary judgment briefing and evidence recited the forum selection clause, but no sufficient evidence or substantive argument was offered to establish why the clause should be enforced. Plaintiff confined its briefing to what the outcome would be *if* New York law were applied, but did not address the question of *why* New York law should apply in the first place. Plaintiff, in its Motion in Limine, cites to the Great Lakes policy as identifying New York attorneys as Plaintiff's agent for service of process. The policy was before the Court on Plaintiff's Motion for Summary Judgment, however, this evidence was not referenced in Plaintiff's briefing. Nevertheless, this evidence alone would not have been sufficient to alter the Court's decision to apply Mississippi law. Nor is it the Court's job to sift through the record. *See Malacara v.*

Mem. in Supp. of Pl.'s Mot. for Summ. J. at p. 10 (stating "if this Court elects not to enforce the choice of law provision in the policy, Mississippi substantive law may apply...."). Based upon the foregoing, the Court cannot find that Plaintiff's Motion satisfies the requirements of either Rule 59(e) or Rule 60(b).

To the extent Plaintiff's Motion could be construed as a stand-alone pleading unrelated to the Motion for Summary Judgment, it is in effect a potentially dispositive motion on a choice of law question styled as a Motion in Limine. The Case Management Order [17] entered in this case established March 17, 2008, as the deadline for filing dispositive motions, therefore this Motion is untimely.

The Court also finds that Plaintiff's Motion should be denied on the basis of judicial estoppel. Judicial estoppel is a common law doctrine that prevents a party from assuming inconsistent positions in litigation. *In re Superior Crewboats, Inc.*, 374 F.3d 330, 334 (5th Cir. 2004). "The purpose of the doctrine is to protect the integrity of the judicial process by preventing parties from playing fast and loose with the courts to suit the exigencies of self interest." *Id.*(quoting *In re Coastal Plains, Inc.*, 179 F.3d 197, 205 (5th Cir. 1999)). A party may be judicially estopped where (1) the position of the party to be estopped is clearly inconsistent with its previous one; and (2) that party must have convinced the court to accept that previous position. *See Coastal Plains,* 179 F.3d at 206.

Plaintiff, in its Motion for Summary Judgment, argued that under *either* New

---

*Garber*, 353 F.3d 393, 405 (5th Cir. 2003).

York, Mississippi or federal maritime law, summary judgment in its favor was appropriate. *See* Mem. in Supp. of Pl.'s Mot. for Summ. J. at p. 10(stating "[i]f this Court elects not to enforce the choice of law provision in the policy, Mississippi substantive law may apply..." and "Mississippi substantive law, like New York, is similar to the federal doctrine of *uberrimae fidei*...."); *see also id.* at p. 11(stating "regardless of whether this Court applies the federal doctrine of *uberrimae fidei*, New York or Mississippi substantive law, the applicable rule is the same...."). Plaintiff essentially took the position that the outcome would be the same regardless of which law applied. The Court, relying in part upon that representation as well as the evidence presented by Plaintiff in support of its Motion, applied Mississippi law. Plaintiff now argues that New York law should control, and that the application of New York law, as opposed to Mississippi law, does make a difference in the outcome of this case. At this juncture, Plaintiff is judicially estopped from asserting such a position.

As an alternative to its request for reconsideration, Plaintiff asks that the Court overturn the Fifth Circuit's holding in *Albany Ins. Co. v. Anh Thi Kieu*, 927 F.2d 882 (5th Cir. 1991), and apply the federal maritime doctrine of *uberimmae fidei*. Because a district court is duty-bound to follow the law of the Fifth Circuit and cannot overrule its decisions, this Court must decline Plaintiff's invitation.

III.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion in Limine must be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated more fully herein, the Motion [66] of Plaintiff Great Lakes Reinsurance (UK), PLC ("Great Lakes"), in Limine to Declare Choice of Law, filed on or about June 10, 2008, in the above captioned cause, should be and is hereby **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 16th day of June, 2008.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE