IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **GREAT LAKES** § | | |
| **REINSURANCE (UK), PLC** § | | **PLAINTIFF** |
| § | | |
| § | | |
| **v.** § | Civil Action No. 1:07cv460HSO-JMR | |
| § | | |
| § | | |
| **DURHAM AUCTIONS, INC.** § | | **DEFENDANT** |

### ORDER AND REASONS DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

BEFORE THE COURT is the Motion [71] of Plaintiff Great Lakes Reinsurance (UK), PLC ("Great Lakes"), for Reconsideration, filed on June 19, 2008, in the above captioned cause. After consideration of Plaintiff's submissions, the record in this case, and the relevant legal authorities, and for the reasons discussed below, the Court finds that the Motion must be denied.

### I. DISCUSSION

On March 27, 2008, the Court entered an Order [55] denying Plaintiff's Motion for Summary Judgment. Approximately two and a half months later, Plaintiff filed a pleading styled as a Motion in Limine [66] requesting that this Court apply New York law, or, alternatively, overrule the Fifth Circuit's decision in *Albany Ins. Co. v. Anh Thi Kieu*, 927 F.2d 882 (5th Cir. 1991), and apply the federal maritime doctrine of *uberimmae fidei*. In its Motion, Plaintiff sought to supplement

-1-

the record with the affidavit of Nicholas Peter Brown, which purportedly set forth Plaintiff's various contacts with the State of New York.  By Order [68] dated June 16, 2008, the Court denied Plaintiff's Motion in Limine.  The Court found that the Motion sought the introduction of new evidence previously available and was in substance and in fact not a Motion in Limine, but rather a Motion for Reconsideration of the Court's previous Order denying Plaintiff's Motion for Summary Judgment.  The Court further pointed out that it had absolutely no authority whatsoever to overrule the Fifth Circuit.  Plaintiff now seeks reconsideration of the Court's most recent Order [68].

Under Federal Rule of Civil Procedure 59(e), there are "only three possible grounds for any motion for reconsideration:  (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent a manifest injustice." *Nationwide Mut. Fire Ins. Co. v. Pham*, 193 F.R.D. 493, 494 (S.D. Miss. 2000)(*quoting Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).  Litigants considering a Rule 59(e) motion have been "strongly cautioned" by this Court to carefully consider all three grounds for such a motion.  *See id.*

A motion for reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)(*citing Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).  Nor is a

motion for reconsideration "intended to give an unhappy litigant one additional chance to sway the judge." *Atkins*, 130 F.R.D. at 626(*quoting Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977)).  The Fifth Circuit has instructed that "reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly," *Templet*, 367 F.3d at 479, and as such, a court may impose sanctions where it is improperly sought.  *See Pham*, 193 F.R.D. at 495(imposing sanctions where the party filed a motion for reconsideration not supported by any of the three grounds warranting reconsideration); *see also Atkins*, 130 F.R.D. at 626(reprimanding attorneys for filing a frivolous motion for reconsideration).

     Here, Plaintiff cites a litany of cases for its position that motions in limine are proper vehicles for addressing choice of law issues.[1]  Even if Plaintiff's assertion is correct, Plaintiff fails to identify any case holding that it is proper to raise a choice of law inquiry *after* a court has been forced by that litigant to make a choice of law determination on a prior dispositive motion, particularly where the choice of

---

[1] Only one of the cases cited, *Smith v. EMC Corp.*, 393 F.3d 590 (5th Cir. 2004), is from the Fifth Circuit, and therefore constitutes controlling authority. *Smith*, however, is distinguishable since the motion in limine in that case sought to exclude evidence relating to attorney's fees.  The choice of law analysis was not dispositive of the entire case, and was tied into the exclusion of evidence since the Compensation Plans at issue had a choice of law provision applying Massachusetts law, which does not allow recovery for attorney's fees in breach of contract cases.  The Court also noted that *each* of the motions and briefs during the pretrial phase of the case was unrelated to the Compensation Plans.  The earlier briefings, therefore, had not triggered a prior choice of law analysis on that issue.

law analysis, as in this case, is potentially dispositive of the entire lawsuit.[2]  The cases cited by Plaintiff are, therefore, inapplicable here.

      Because the Court was confronted with a choice of law provision in the marine insurance contract at issue in this case, and because it is duty-bound to follow the law of the Fifth Circuit, it was compelled to engage in a choice of law analysis in order to resolve Plaintiff's Motion for Summary Judgment and found, based upon the briefing and evidence submitted at that time, that the parties had not demonstrated a substantial relationship to New York, such that Mississippi law must apply.  It is apparent to the Court that Plaintiff obtained an undesirable result because its counsel neglected to realize that significant differences exist between New York law and Mississippi law on the issues presented in this case.  Now, in hindsight, and with the benefit of the Court's choice of law analysis, Plaintiff's counsel recognizes that it was error to take the position in its Motion for Summary Judgment that, based upon the evidence presented at the summary

---

    [2]New York law on maritime contracts tracks the doctrine of *uberrimae fidei* which requires disclosure to the insurer of all known circumstances material to the risk being insured, whether such circumstances are inquired into or not.  *See In re Balfour MacLaine Intern. Ltd.*, 85 F.3d 68, 80-81 (2nd Cir. 1996)(finding that the doctrine of *uberrimae fidei* is applicable under New York law to contracts and risks that are marine in nature); *see also Stecker v. American Home Fire Assur. Co.*, 84 N.E.2d 797, 798-99 (N.Y. 1949)(finding that New York law requires the insured in a marine insurance policy to disclose, although no inquiry is made, every fact material to the risk and within his knowledge).  New York law also requires strict compliance with warranties made in contracts for marine insurance.  *See Hartford Fire Ins. Co. v. Mitlof*, 208 F. Supp. 2d 407, 412 (S.D. N.Y. 2002)(applying New York law and finding that a warranty under a contract for marine insurance must be strictly complied with as a condition precedent to coverage).

judgment stage, the law of each state dictated the same result.[3]  As the Court has already advised Plaintiff, it will not revisit the choice of law issue again.[4]  To do so would permit Plaintiff to impermissibly re-argue its Motion for Summary Judgment.

It is disingenuous for counsel to suggest that its Motion in Limine was anything other than a thinly veiled, untimely, and inappropriate request that the

---

[3]Plaintiff continues to argue that there is no difference between New York law and Mississippi law.  *See* Mem. in Supp. of Mot. for Recons. at p. 5.  The Court's Order denying Plaintiff's Motion for Summary Judgment clearly discusses Mississippi law, which differs from that of New York, as set forth in footnote two (2), *supra*.  For example, under Mississippi law, the assured is under no duty to volunteer information not requested on an application for insurance.  *See Mattox v. Western Fidelity Ins. Co.*, 694 F. Supp. 210, 216 (N.D. Miss. 1988).  Furthermore, Mississippi law will not void a policy of marine insurance where the assured is in "substantial compliance with the warranty obligations strictly construed."  *F.B. Walker & Sons, Inc. v. Valentine*, 431 F.2d 1235 (5th Cir. 1970).  Certainly Plaintiff would not argue on this issue so fervently time and time again if it did not now realize that important differences do exist.  Plaintiff explicitly states in its Motion for Reconsideration that the application of New York law would establish that it is entitled to summary judgment.  *See id*.

[4]Within this Circuit, it is appropriate for district courts to make choice of law determinations on summary judgment proceedings.  *See Curtis Callais Welding, Inc. v. Stolt*, 129 Fed. Appx. 45, 46 (5th Cir. 2005)(stating "[b]ecause we find that the district court was correct in enforcing the choice-of-law provision in the service agreement and in properly interpreting the provisions therein, the order of summary judgment in favor of Stolt Holdings is hereby AFFIRMED."); *see also Battley v. Ranger Ins. Co.*, 212 F.3d 595, at *1 (5th Cir. 2000)(affirming the district court's choice of law determination on summary judgment); *Burbank v. Ford Motor Co.*, 703 F.2d 865, 865 (5th Cir. 1983)(finding "[t]he choice-of-laws battle was waged below in a summary judgment setting...the district court found that Michigan law should apply.  We affirm.").  Furthermore, Courts within this Circuit are disinclined to revisit their choice of law holdings in summary judgment proceedings where the parties later submit new evidence or legal arguments that could have been, but were not, submitted at the summary judgment stage.  *See Farm Credit Bank of Texas v. Fireman's Fund Ins. Co.*, 822 F. Supp. 1251, 1258 (W.D. La. 1993).

Court reconsider its original choice of law analysis and its ruling on summary judgment.  Indeed, Plaintiff's own Memorandum in Support of its Motion in Limine [67] concluded with the following direct quote: "Great Lakes asks the Court to re-evaluate its Motion for Summary Judgment under New York law, which has already been fully briefed."  Mem. in Supp. of Mot. in Limine at p. 8.  As stated in the Court's Order denying Plaintiff's Motion in Limine, Plaintiff has not demonstrated that it is entitled to such relief under the federal rules.  Stripped to its bare essentials, Plaintiff's Motion in Limine, and now its Motion for Reconsideration, seek relief from the failure of counsel to adequately research and brief its Motion for Summary Judgment, where it could have, and should have, set forth sufficient evidence to support its relationship to New York and then argued for the application of New York law.  The law provides no remedy in this instance, and to hold otherwise would relegate this Court's previous Order on summary judgment to a mere academic exercise and a waste of judicial resources.

Under Rule 11 of the Federal Rules of Civil Procedure, counsel is required to deal with the Court in a forthright and candid manner.  See FED. R. CIV. P. 11.  Because it is obvious that Plaintiff has now sought reconsideration of the Court's Order on Summary Judgment *twice*, the Court finds Plaintiff's assertion that "it is inappropriate for the Court to re-classify the Motion *in Limine* as a motion for reconsideration..." disingenuous, to say the least.  See Mem. in Supp. of Mot. for Recons. at p. 3; *see also id*. at p. 7.  The Court has now addressed the choice of law issue *three* times, and the matter has now certainly been preserved for purposes of

any appeal.  Plaintiff and its counsel are admonished that the advancement of any further motions, pleadings, or arguments raising the choice of law issue will be construed as a vexatious, frivolous, and contumacious act warranting the imposition of sanctions, *sua sponte*.  Because the Court finds that Plaintiff's Motion must be denied for the foregoing reasons, it need not address Plaintiff's remaining arguments.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated more fully herein, the Motion [71] of Plaintiff Great Lakes Reinsurance (UK), PLC, for Reconsideration, filed on or about June 19, 2008, in the above captioned cause, should be and is hereby **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 30th day of June, 2008.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE